IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
MISSOURI ST. LOUIS DIVISION

| | |
|---|---|
| In the Matter of A.A. and A.J.A. )<br>)<br>Alain Armand, )<br>)<br>           Petitioner, )<br>) <br>v. )<br>)<br>Priscilla Moxam Armand, )<br>)<br>           Respondent. )<br>_____ ) | Case No. 4:24-cv-00974-JSD |

**<u>MOTION TO STRIKE</u>**

COMES NOW ALAIN ARMAND ("Petitioner") and files the instant motion to strike the answer filed by the Respondent, Priscilla Moxam Armand. Petitioner requests that the Court enter an order requiring Respondent to file a new answer removing all immaterial defenses and exhibits referencing all immaterial assertions and that her new answer be limited to asserting only valid defenses raised in her original answer, without the addition of new defenses. In support of the foregoing motion, Petitioner submits the following:

1. The instant matter, seeking the return of the parties' two minor children to France pursuant to the Hague Convention, was filed with the Court on July 15, 2024. This petition (the "Petition") is filed pursuant to The Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980[1] (hereinafter the "Hague Convention" or "Convention") and the International Child Abduction Remedies Act (hereinafter "ICARA") 22 U.S.C. § 9001. The Convention came into effect in the United States of America on July 1, 1988 and was also ratified between the United States of America and France on July 1,

1988. A copy of the Hague Convention and ICARA are annexed here as **Exhibit A** and **B,** respectively. The objects of the Convention are as follows: (1) to secure the immediate return of children wrongfully removed or wrongfully retained in any Contracting State; and (2) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States. Convention, art. 1.

2. The Convention applies to cases in which one parent wrongfully removes and retains his or her children, who is under the age of sixteen (16) years, from the children's "habitual residence" in breach of the other parent's custodial rights, which were being exercised at the time of the wrongful retention of the children. Hague Convention, Art. 3.

3. The parties are the biological parents of two minor children, a 14-year-old daughter A.A., and a 12 year-old son A.J.A. (the "Children"). On approximately April 4, 2024, the Children were wrongfully removed from France and retained in the United States by the Children's mother, Respondent Priscilla Moxam Armand, without Petitioner's prior knowledge or consent.

4. Fed.R.Civ.P. 12(f) states, in pertinent part, that: "[u]pon motion made by a party ... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

5. The Hague Convention specifies the limited defenses that may be asserted in response to a petition for return of a child pursuant to the Hague Convention. Those defenses are limited to the following: (i) the non-traveling parent was not exercising his rights to custody; (ii) the non-traveling parent acquiesced to the move; (iii) the child is of sufficient age and objects to being returned; (iv) the child is well-settled in the new environment; (v) grave risk of physical or psychological harm if the child is returned; and (vi) fundamental principles relating to the protection of Human Rights and fundamental freedoms do not permit return of the child. *See* Article 13 of the Hague Convention.

6. On October 4, 2024, Respondent filed her verified answer (the "Answer") to the Petition. In Section B of her Answer, Respondent purports to raise certain defenses to the Petition. Numerous factual assertions made by Respondent are insufficient to constitute a defense or are "immaterial, impertinent, or scandalous." Accordingly, Petitioner requests that the following paragraphs and related exhibits in the Answer be stricken:  ¶¶ 1-8, 13, 14, and 16.

7. Paragraph 1: In paragraph 1, Respondent claims that, in the past, she and the children have returned from France to the United States on a long term and short term basis without Petitioner. This paragraph falls short of asserting that Petitioner acquiesced to Respondent traveling to the United States on April 4, 2024, the date that is pertinent to the Petition. Nor does Respondent assert that Petitioner expressly or tacitly agreed that Respondent may temporarily, indefinitely, or permanently move the parties' children to the United States. Therefore, this paragraph constitutes an insufficient defense, is irrelevant, and impertinent.

8. Paragraphs 2 - 8: These paragraphs allege certain claims concerning Petitioner's history with his family. The assertions are scandalous, irrelevant, and made with the intent to improperly prejudice the trier of fact. They are made with the intent to harass Petitioner and do not relate to any cognizable defense. Even if they were true, the Hague Convention defenses to returning a child to the habitual residence, including the "grave risk of harm" exception, are prospective, not retrospective. See Sierra v. Tapasco, Case No. 4:15-CV-00640 (SD Tex. September 28, 2016)(past acts of domestic abuse are insufficient to show grave risk of harm); see also, Sanchez v. R.G.L.,761 F. 3d 495, 509 (5th Cir. 2014).

9. Paragraphs 13, 14, and 16: These paragraphs do not relate to any defense to the Petition. Respondent basically asserts that she has been the breadwinner during the past several years. Although Petitioner is gainfully employed, neither this fact nor Respondent's status of breadwinner is relevant to or a defense to the unlawful and unauthorized removal of the parties' children.

10. For the foregoing reasons, Petitioner requests that the Answer be stricken and that Respondent be required to file a new answer deleting these purported defenses (and related exhibits).

Dated: October 22, 2024
Auffargis, France

    /s/ Alain Armand____
Alain Armand
Pro Se
6 Rue de la Fontaine Roy
78610 Auffargis France
1-636-368-2331(USA)
+ 33 07-6636-4991 (FRANCE)

## VERIFICATION

I, Alain Armand, solemnly declare and affirm under the penalty of perjury under the laws of the United States of America, that I am the petitioner in the within action and have read the foregoing Petition and know the contents of the foregoing Petition are true and correct, to the best of my knowledge, except as to those matters alleged upon information and belief.

Dated: October 22, 2024

      /s/ Alain Armand
Alain Armand

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion to Strike was served (by mail) (by hand delivery) on all parties of record in this cause, this 22nd day of October, 2024.

      /s/ Alain Armand
Alain Armand