UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALAIN ARMAND, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 4:24-CV-974 HEA |
| | ) |
| PRISCILLA MOXAM ARMAND, | ) |
| | ) |
| Respondent. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Alain Armand's Motion to Strike Respondent Priscilla Moxam Armand's Answer. (ECF No. 10). Petitioner also filed a Motion for Family Access *Pendente Lite*, which Respondent opposes. (ECF No. 12). For the reasons that follow, the Court denies Petitioner's Motion to Strike, and grants in part and denies in part his Motion for Family Access *Pendente Lite*.

*Motion to Strike Respondent's Answer*

Petitioner Armand, who is proceeding in this matter *pro se* without the assistance of counsel, brings this action pursuant to the 1980 Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act, 42 U.S.C. §§ 9001, *et seq*., (the "Hague Convention"). Petitioner Armand and Respondent Armand were married in 2009 and have two

minor children together, A.A and A.J.A.[1] Petitioner Armand alleges that Respondent Armand wrongful removed A.A. and A.J.A. from France to the United States of America without his consent in April 2024.  Petitioner Armand alleges that the two children are being held in custody illegally by Respondent Armand in Chesterfield, Missouri, which is located in the Eastern District of Missouri.  Petition Armand claims that he has right of custody for both children, and he seeks an order from the Court directing that the two children be returned to France, their alleged habitual residence.

      Respondent Armand, who is also proceeding in this matter *pro* se without the assistance of counsel, filed an Answer in which she raises a number of defenses. Respondent Armand claims, among other things, that if returned to France, the children would face a grave risk of physical or psychological harm, or otherwise be placed in an intolerable situation.  Respondent alleges that Petitioner Armand has a history of physical domestic abuse against her, his mother, and other third parties, and psychological and emotional abuse against Respondent and their two children. In support of these allegations, Respondent attached to her Answer court records from cases that were pending against Petitioner Armand in state court in Florida, as well as a letter from a child psychologist that discusses the relationship between

---

[1] It is unclear from the record whether Petitioner Armand and Respondent Armand remain married.

2

Petitioner and a child from a previous relationship, who is now an adult.  In her Answer, Respondent also asserts that she has been the primary breadwinner for the family, and that she is "unsure there the children would live or how they would be financially supported if there are forced to return to France."  (ECF No. 9 at 8).

In his motion, Petitioner Armand moves that the Answer be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Petitioner argues that Respondent has made a number of allegations that are insufficient to constitute a defense, or that they are immaterial, impertinent, or scandalous and are intended to improperly prejudice the trier of fact in this case.

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  District courts enjoy broad "discretion" in deciding motions to strike, however, they are not favored and are infrequently granted, because they amount to a drastic remedy. *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) ("[s]triking a party's pleading . . . is an extreme and disfavored measure."); *Stanbury L. Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000).  In practice, motions to strike are generally disfavored because they are often filed to create a delay or used as a harassing tactic. *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1092 (8th Cir. 2021). *See also Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1245 (N.D. Ill. 1991); *Fid. Nat. Title Ins. Co.*

*v. Captiva Lake Invs., LLC*, No. 4:10-CV-1890 CEJ, 2011 WL 845928, at *1 (E.D. Mo. Mar. 8, 2011). As another district court has noted:

> [M]otions to strike can be nothing other than distractions. If a defense is clearly irrelevant, then it will likely never be raised again by the defendant and can be safely ignored. If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record—such as on a motion for summary judgment.

*Van Schouwen*, 782 F. Supp. at 1245.

When deciding motions to strike affirmative defenses, district courts review the pleadings in the light most favorable to the pleader and grant such motion only where, "as a matter of law, the defense cannot succeed under any circumstances . . . or is immaterial in that it has no essential or important relationship to the claim for relief." *Fed. Deposit Ins. Corp. v. Coble*, 720 F. Supp. 748, 750 (E.D. Mo. 1989) (citations and internal quotations omitted). "A motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues." *Morgan v. Midwest Neurosurgeons, LLC*, No. 1:11-CV-37 CEJ, 2011 WL 2728334, at *2 (E.D. Mo. July 12, 2011) (citing *Coble*, 720 F. Supp. at 750). Preventing a party from engaging in burdensome discovery or "otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome," are examples that would meet the prejudice requirement. *Id.* (quotations omitted).

The Court has reviewed Respondent's Answer carefully and applying a liberal pleading standard in light of the fact that she is proceeding without counsel in this case, it finds striking Respondent's Answer is not warranted. In her Answer, Respondent makes statements that are arguably defenses to Petitioner's claim under the Hague Convention, and to the extent they are not proper defenses, they will be ignored by the Court. Further, statements in answers are assertions; they are not evidence or proof. Whether Respondent has sufficiently established a valid defense to Petitioner's claim under the Hague Convention – and indeed whether Petition has proven his case – will be determined later in these proceedings on a full and developed record.

As for the exhibits Respondent attached to her Answer, aside from Exhibit A, which is a copy of a portion of the Hague Convention, it would appear that all but Exhibit B are public court records. The Court declines to strike these documents from the record. The Court, however, will direct the Clerk of Court to place Exhibit B, the letter from a child psychology dated July 5, 2016, under seal to limit access by the public. In sum, Petitioner Armand's Motion to Strike is denied.

### *Motion for Family Access Pendente Lite*

Also before the Court is Petitioner Armand's Motion for Family Access *Pendente Lite*. Petitioner states that since A.A. and A.J.A.'s removal from France in April 2024, he has had virtually no contact with the children. He asserts that he

attempted to call and write the children in November 2024 to wish them a happy Thanksgiving, but he received no answer. He requests that the Court order Respondent to provide telephone contact with the children every three days for up to an hour a piece.

Respondent opposes Petitioner's Motion and states in her response that forcing A.A. and A.J.A. to be available for up to an hour every three days is not in the children's best interests. Respondent states that both of the children have cellular telephones for which she pays, and she has shared A.A.'s and A.J.A.'s telephone numbers with Petitioner, and he can contact them by telephone or through the application WhatsApp, which he has. Respondent does state that A.A., who is 14 years old, has been reluctant to speak to her father or accept his calls. Respondent further states that A.J.A, who is 12 years old, does speak to his father on the telephone, although Respondent does not state how often or for how long.

The Court will grant Petitioner's Motion for Family Access *Pendente Lite* in part. Respondent will be ordered to facilitate telephone calls once a week with Petitioner and A.A. and Petitioner and A.J.A. for up to a half an hour for each call and at times that are agreeable to both Respondent and Petitioner. The telephone calls shall not be recorded absent the express consent of both parents. In all other respects, the motion is denied.

6

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Alain Armand's Motion to Strike Respondent Priscilla Moxam Armand's Answer is **DENIED**.  [ECF No. 10].

**IT IS FURTHER ORDERED** that Petitioner Alain Armand's Motion for Family Access *Pendente Lite* is **GRANTED in part and DENIED in part.**  The Motion is **GRANTED** to the extent that Respondent Priscilla Moxam Armand shall facilitate telephone calls once a week with Petitioner and A.A. and Petitioner and A.J.A. for up to a half an hour for each call and at times that are agreeable to both Respondent and Petitioner.  The telephone calls shall not be recorded absent the express consent of both parents. In all other respects, Petitioner's Motion is **DENIED**.  [ECF No. 12]

**IT IS FURTHER ORDERED** that the Clerk of Court shall restrict public access to and place under seal Exhibit B that is attached to Respondent Priscilla Moxam Armand's Answer. [ECF No. 9].

Dated this 11th day of March, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE